IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| David J. Brown | ) | |
| | ) | Case No. 14 CV 50059 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Gregg Scott, | ) | Judge Philip G. Reinhard |
| | ) | |
| Respondent. | ) | |

# ORDER

The court construes petitioner's latest filing [42], as a motion to dismiss without prejudice or stay the proceedings. The court grants the motion. For the reasons stated below, the petition [1] is dismissed without prejudice.

# STATEMENT-OPINION

Petitioner, David J. Brown, a state prisoner, filed with this court on March 13, 2014 a petition pursuant to 28 U.S.C. § 2254 raising numerous claims, including that his due process rights were violated and his trial and appellate attorneys were ineffective in a number of ways. *See* [1]. Respondent answered the petition on August 4, 2014 [14], arguing that all of petitioner's claims are defaulted because he failed to present them for one complete round of state court review. However, petitioner filed a motion for a stay on August 14, 2014 [15], pointing out that he had ongoing state proceedings in state court. Petitioner's motion for a stay was ultimately granted and these proceedings were stayed until May 18, 2016, when the court lifted the stay because it appeared that none of petitioner's ongoing state proceedings overlapped with this matter. *See* [39]. Petitioner filed a motion for a reimposed stay or to dismiss without prejudice on July 20, 2016 [40]. This court denied the motion for a reimposed stay by order of July 22, 2016. *See* [41]. The court noted that petitioner could withdraw the petition without prejudice, but that doing so would potentially fail to preserve petitioner's rights due to timeliness concerns. *See id.* Petitioner filed a response to the court's order [42], indicating that he would not withdraw the petition but inviting the court again to dismiss the petition without prejudice or reimpose the stay.

The court has again examined the relevant record. It appears from the court's review and from petitioner's own admissions that none of the claims raised in the § 2254 petition were raised on direct review. *See* [1]; [14-3]; [40]; [42]. Direct review became final for purposes of AEDPA's statute of limitations in December of 2013, after petitioner's time to file a PLA to the Supreme Court expired. *See* [14-5].

1

Petitioner also filed a habeas claim in state court, which has since been completed, which from the court's review and petitioner's own admission also did not raise the issues presented in his § 2254. *See* [1]; [38-1]; [40]; [42]. The state habeas claim was pending between September of 2014 and March 24, 2016.

Finally, petitioner filed a 735 ILCS 5/2-1401 state post-conviction petition on March 17, 2010, addressing matters that are related but distinct from the claims raised in the § 2254 petition. The Circuit Court dismissed the petition on June 30, 2011. Petitioner nonetheless filed a motion to reconsider on July 29, 2011 that was never officially ruled on. Petitioner attempted to appeal the dismissal but the Illinois Appellate Court recently noted on February 18, 2016 that it had no jurisdiction as there was no final order on the motion to reconsider and thus the matter was still pending. *See* [38-2]. Petitioner has since withdrawn the motion to reconsider and re-filed his appeal, which is now pending in the Illinois Appellate Court. *See* [40] at 12-14.

Petitioner informs this court that it is his belief that the Illinois Appellate Court will grant his appeal and reinstate his 5/2-1401 state petition. At that time, he intends to amend the petition to add claims which will overlap with his claims here. Petitioner points out that the original 5/2-1401 petition was filed before many of the claims that he raises in his § 2254 arose. At that time, those claims will be considered and relief will either be granted or the claims will be properly exhausted.

Whether or not petitioner's instant state appeal is successful, granting the requested relief of a dismissal without prejudice would appear to do no harm. As noted, petitioner's judgment became final in December of 2013. However, at that time he had a pending 5/2-1401 post-conviction petition, which is still pending. As such, AEDPA's time limit will not begin to run until his 5/2-1401 petition is ultimately resolved in state court. If petitioner is correct that his 5/2-1401 will be reinstated and he will be allowed to amend it to include the constitutional claims he raises here, then he may re-file his § 2254 petition once those claims are exhausted. If his appeal is unsuccessful, he will still be within the time limit to re-file his § 2254 petition. However, the court warns petitioner that in that case, it would appear that he will have failed to exhaust the claims he raises in his § 2254 petition and thus any re-filed petition would likely be unsuccessful. Regardless, granting petitioner's relief will not result in prejudice to him, and as such the court grants petitioner's motion [42] and dismisses the § 2254 petition [1] without prejudice.

Date: 2/02/2017                      ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)